UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JULIE PAROLA,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.<br>3:11-cv-1017 (VLB) |
| | : | |
| CITIBANK (SOUTH DAKOTA), N.A.,<br>    Defendant. | : | November 8, 2011 |

## MEMORANDUM OF DECISION DENYING MOTION TO REMAND AND MOTION FOR ATTORNEY'S FEES [Dkt. #12]

Plaintiff, a citizen of Connecticut, brings this action against Defendant, Citibank (South Dakota) N.A. ["Citibank"], the originator and holder of Plaintiff's federal student loans alleging a violation of Connecticut's Unfair Trade Practices Act ["CUTPA"], and breach of contract and fraud under Connecticut common law related to Citibank's handling of Plaintiff's loan repayment obligations. Plaintiff initially filed her complaint against Citibank in the Connecticut Superior Court, Judicial District of New Britain at New Britain on June 8, 2011, docket number HHB-CV11-601756-S. On June 24, 2011, Defendant Citibank filed a Notice of Removal pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1332 alleging that there is complete diversity between the Parties and that the amount in controversy exceeds $75,000. [Dkt. #1, Def. Notice of Removal]. Currently pending before the Court is Plaintiff's Motion to Remand this action back to the Connecticut Superior Court on the basis of a purported failure to satisfy the jurisdictional amount in controversy requirement, thereby allegedly depriving the Court of subject matter

jurisdiction over the action, and a corresponding Motion for Attorney's Fees pursuant to 28 U.S.C. §1447(c).

I.    Background

Plaintiff, Julia Parola, a citizen of Connecticut, holds student loans administered under the Federal Family Education Loan Program ["FFEL"] by the Defendant, Citibank. [Dkt. #1, Notice of Removal, Compl. ¶¶1, 3]. Plaintiff alleges that following her graduation from law school in June 2009, she contacted the Defendant to apply for Income Based Repayment ["IBR"] of her loan. *Id.* at ¶5. Plaintiff further contends that Defendant encouraged her to wait to apply for the IBR because several of her loans were in a six-month grace period following her recent graduation and had not yet become due. Instead, Plaintiff contends that Defendant suggested that she apply for an Economic Hardship Deferment ["EHD"] on the basis of her limited income working only part-time while studying for the bar. *Id.* at ¶6. Plaintiff followed Defendant's suggestion and relied on an EHD until December 2009, the end of the grace period for her law school loans.

In December 2009, Plaintiff applied for IBR. Plaintiff asserts that Defendant erroneously denied her IBR application by failing to recognize her application for IBR as an implied request to terminate her EHD. [Dkt. #1, Notice of Removal, Compl. ¶¶8-10]. After the IBR application was denied, Plaintiff was unable to make the standard repayment obligations and again applied for EHD. *Id.* at ¶11. Defendant denied Plaintiff's EHD request in February 2010 stating that her monthly income was too great, and instead granted Plaintiff a debt burden

forbearance. *Id.* at ¶12. Defendant again denied Plaintiff's request for IBR in February 2010 on the basis of the debt burden forbearance. *Id.* at ¶13.

Plaintiff asserts that Defendant's erroneous prioritization of deferments and forbearances over IBR forced Plaintiff to use one of her three years of Economic Hardship Deferment and request a forbearance of her loans, which resulted in an accrual of interest and capitalization of that interest on her subsidized law school loans and also resulted in extra interest being capitalized on her subsidized undergraduate loans. Plaintiff contends that Defendant's denial of IBR was purposeful and malicious and was designed to increase Plaintiff's loan balance. [Dkt. #1, Notice of Removal, Compl. ¶24].

Plaintiff alleges three claims against Defendant on the basis of its conduct in handling her student loans including a violation of CUTPA, breach of contract, and fraud. [Dkt. #1, Notice of Removal, Compl. Count One ¶29, Count Two ¶28, Count Three ¶32].

II. Discussion

A. Motion to Remand

Federal jurisdiction exists on the basis of diversity of citizenship where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C.A. §1332(a)(1).  The party asserting federal jurisdiction bears the burden of proving that the case is properly before the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 189, 189 (1936). Where federal jurisdiction is asserted by a defendant pursuant to a

removal petition, "the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. Centermark Properties*, 30 F.3d 298, 301 (2d Cir. 1994) (citations omitted). A defendant seeking to remove must satisfy this burden by proving "that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook *Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). Where the jurisdictional facts are challenged, the defendant must support its asserted jurisdictional facts with " 'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *Centermark Properties*, 30 F.3d at 305 (quoting *McNutt*, 298 U.S. at 189).

In assessing the amount actually in controversy, courts "look to the allegations in the complaint, which are presumed (absent evidence to the contrary) to contain a 'good-faith representation of the actual amount in controversy.'" *Londegran v. CUNA Mutual Ins. Society*, No. 3:09-cv-1540 (MRK), 2009 WL 4730441, at *1 (D. Conn Dec. 7, 2009). The jurisdictional amount may be satisfied by aggregating several state law claims. *See id.* However, even where the jurisdictional amount allegations leave "grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Zacharia v. Harvor Island Spa, Inc.*, 684 F.2d 199 (2d Cir. 1982). Rather, a party seeking to defeat jurisdiction "must show, 'to a legal certainty,' that the amount recoverable does not meet the jurisdictional threshold." *Scherer v. The Equitable Life Assurance Society*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Saint Paul Mercury Indem. Co. v. Reed Cab. Co.*, 303 U.S. 283, 288-89 (1938)).

When evaluating the amount in controversy presented by state law causes of action, federal courts "look to state law to determine the nature and extent of the right to be enforced." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961). If punitive damages are permitted under controlling law, a demand for punitive damages may be included for purposes of the jurisdictional amount analysis. *See A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). The potential recovery of attorney' fees, where statutorily allowed, may also be considered to establish the amount in controversy. *See Londegran*, 2009 WL at *1. Both CUTPA and Connecticut common law regarding fraud allow for punitive damages and attorney's fees. Conn. Gen. Stat. §42-110g(a), (d); *see also Fabri v. United Technologies Intern., Inc.*, 387 F.3d 109, 125 (2d Cir. 2004) (recognizing that "[u]nder Connecticut law, punitive damages may be award on a CUTPA claim if the evidence 'reveal[s] a reckless indifference to the rights of others or an intentional and wanton violation of those rights.'") (citation omitted).

Here, Plaintiff asserts in her complaint actual damages "in an amount greater than $15,000" and seeks punitive damages and attorney's fees under both CUTPA and pursuant to her fraud claim. It is conceivable that with a total outstanding balance on her student loans as of January 2011 of $191,000, Plaintiff may recover in excess of $75,000. Even if the Court finds that a recovery in excess of $75,000 is highly unlikely, remanding the case is not appropriate absent a showing by the Plaintiff, the party challenging federal jurisdiction, that such a recovery is not possible as a legal certainty. *Saint Paul Mercury Indem. Co.*, 303 U.S. at 288-89. Plaintiff admits in her Motion to Remand, that although actual

damages alone do not exceed $75,000, the total recovery including attorney's fees and an award of punitive damages could exceed $75,000. [Dkt. #12, Pl. Mot. to Remand, p.1]. Plaintiff's explicit recognition of the possibility that her recovery may exceed $75,000 prevents this Court from granting her Motion to Remand for failure to satisfy the jurisdictional amount.

B.  Motion for Attorney's Fees

Absent unusual circumstances, "courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163 (2d Cir. 2011) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Whereas here, the Court denies a Motion to Remand, such an award is not warranted as the Court's denial of the Motion to Remand indicates that an objectively reasonable basis for the removal exists.

III.  Conclusion

Based upon the foregoing reasoning, Plaintiff's motion to remand and motion for attorney's fees are DENIED. The Court holds that Defendant has demonstrated a reasonable probability that the amount in controversy exceeds $75,000 to satisfy the jurisdictional amount requirement. Plaintiff, seeking to challenge the removal of her claims to federal court, has failed to establish to a legal certainty that the amount in controversy does not meet the required threshold. Accordingly, subject matter jurisdiction over Plaintiff's claims exists and the lawsuit is properly before this Court.

                              **IT IS SO ORDERED.**
                              _____/s/_____
                              **Vanessa L. Bryant**
                              **United States District Judge**

**Dated at Hartford, Connecticut: November 8, 2011.**

Case 3:11-cv-01017-VLB   Document 18   Filed 11/08/11   Page 7 of 7